PERCIVAL and Another *v.* GROFF.

Assumpsit in the Circuit Court on appeal from the judgment of the president of the select council of the town of *Lawrenceburgh*. A motion in the Circuit Court by the defendants to dismiss the suit, on the ground that said president had no jurisdiction, was overruled. *Held*, that as the evidence was not shown on which the motion was decided, the decision must be presumed to be correct.

The said suit having been commenced against the defendants in their christian names and surnames, it was held that the statement of demand might be against them in the name of their firm.

A witness whose deposition had been taken *de bene esse*, under the act of 1838, was, at the time of the trial at *L.*, acting as clerk of a steam-boat on the *Ohio* river; the boat touching at the wharf at *L.* almost daily on its way up and down the river. *Held*, that the witness's absence sufficiently appeared to authorize the admission of the deposition.

· ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by · *Groff* against *Zerah T. Percival* and *Norval Sparks*, trading under the firm of *Zerah T. Percival* and Co., for 99 dollars and 82 cents. The suit was commenced before *William Steele*, president of the select council of the town of *Lawrenceburgh*, who gave judgment in *December*, 1841, for the plaintiff. The defendants appealed to the Circuit Court.

There were two motions made by the defendants in the Circuit Court to dismiss the suit.

The first was on the ground, that the president of the council had no jurisdiction of the cause; and the second, that the statement of demand was insufficient. Both motions were overruled. The evidence upon which the first motion was determined is not before us, and we must presume, in favour of the decision, that there was no ground for the motion.

The statement of demand, which occasioned the second motion, commences as follows: "*Zerah T. Percival* and Co. Dr. to *Joseph Groff*," &c. It is objected to, because the names of the defendants are not set out. The objection is un-

*Monday,* ·
*November* 30.

Nov. Term,  tenable. The suit was commenced, as it was necessary it
1846.      should be, against the defendants by their christian names

FLEMING    and surnames; but we consider it sufficient in this case, as it
v.         would have been in a suit before a justice of the peace, to
FLEMING.   file the demand against the defendants in the name of the
firm.

On the trial, a deposition offered by the plaintiff was objected to, but the objection was overruled. The deposition was taken at *Lawrenceburgh* pending the suit, when the witness was about to go down the *Ohio* river; and the defendants were present at the examination, and cross examined the witness. After the deposition was taken, and before the term at which the cause was tried, the witness returned to *Lawrenceburgh*, and stayed some weeks there with his mother. He was afterwards employed as a clerk on board a steam-boat on said river, and was acting as such clerk at the time of the trial; the boat touching at the wharf at *Lawrenceburgh* almost daily on its way up and down the river. All objections to the want of a *dedimus* or notice were waived. The only objection made to the deposition is, that due diligence had not been used to procure the personal attendance of the witness. According to the statute, a deposition taken as the present one was may be read, if the witness be absent from the state at the time of the trial. R. S. 1838, p. 272. We think the absence of the witness in this case sufficiently appeared, under the statute, to authorize the admission of the deposition.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*J.* and *E. Dumont*, for the plaintiffs.

*J. Ryman* and *P. L. Spooner*, for the defendant.